UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

<u>CIVIL MINUTES -- GENERAL</u>

Case No.     **CV 06-941-JFW (VBKx)**                              Date: May 4, 2006

Title:       QFA Royalties, LLC, et al. -v- Bhupinder Baber, et al.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                                None Present
Courtroom Deputy                              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                          None

**PROCEEDINGS (IN CHAMBERS):**  ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6) [filed 3/29/06; Docket No. 32]

On March 29, 2006, Defendants Bhupinder Baber, Ratty Baber and Quiznos Franchisees Association ("Defendants") filed a Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6) based on California Code of Civil Procedure § 425.167, California's anti-SLAPP suit statute ("Anti-SLAPP Motion").[1] On April 24, 2006, Plaintiffs QFA Royalties LLC and QIP Holder LLC ("Plaintiffs") filed their Opposition. On May 2, 2006, Defendants filed a Reply. Defendants Motion was originally set for hearing on April 24, 2006. On April 7, 2006, pursuant to the Stipulation of the parties, the hearing on Defendants' Anti-SLAPP Motion was continued to May 8, 2006. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 8, 2006, is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

The anti-SLAPP statute provides that a claim "against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to

---

[1] The term SLAPP is an acronym for strategic lawsuit against public participation. See *Rogers v. Home Shopping Network, Inc.*, 57 F.Supp.2d 973, 974 (C.D. Cal. 1999). SLAPP suits "are generally meritless suits brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." *Id.*

DOCKETED ON CM
Initials of Deputy Clerk sr
MAY - 8 2006

strike . . ." Cal. Code Civ. P. § 425.16(b)(1).[2] The California Legislature enacted the anti-SLAPP statute to protect defendants from interference with the valid exercise of their constitutional rights, particularly the right of freedom of speech and the right to petition the government for the redress of grievances. Cal. Code Civ. P. § 425.16(a). Subdivision (f) of section 425.16 provides specific time limits for bringing a special motion to strike: "The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing." Cal. Code Civ. P. § 425.16(f). These time limits apply to anti-SLAPP motions filed in federal court. See Rogers v. Home Shopping Network, Inc., 57 F.Supp.2d 973, 982 n.3 (C.D. Cal. 1999) (finding that the provisions of § 425.16(f) permitting the filing of an anti-SLAPP motion within sixty days of service of the complaint and requiring the hearing on an anti-SLAPP motion to be held not later than thirty days after the motion is filed unless the court's docket requires a later hearing, do not conflict with the federal rules and thus are applicable to anti-SLAPP motions filed in federal court.)

Failure of the moving party to have its anti-SLAPP motion heard within thirty days of service of the motion, or to establish that the court docket conditions required that the motion be heard at a later date, prohibits the court from granting the motion. See Decker v. U.D. Registry, Inc. 105 Cal.App.4th 1382, 1390, 129 Cal.Rptr.2d 892, 897 (2003) ("The word 'shall' in section 425.16, subdivision (f), is mandatory. [Defendant] failed to notice its [anti-SLAPP] motions to strike for a hearing date 'not more than 30 days after service' of the motions, and failed to show 'the docket conditions of the court require[d] a later hearing.' The trial court therefore could not grant [defendant's] special motions to strike"). See also Fair Political Practices Commission v. American Civil Rights Coalition, Inc., 121 Cal.App.4th 1171, 1174-1178, 18 Cal.Rptr.3d 157, 159-162 (2004) (relying on Decker and affirming trial court's denial of defendants' anti-SLAPP motion because defendants failed to schedule the hearing on their anti-SLAPP motion within thirty days of service of the motion and failed to establish that the condition of the court's docket required a later hearing date.")

Defendants filed their Anti-SLAPP motion on March 29, 2006, and served it on Plaintiffs via Federal Express overnight mail on that same date. The motion was set for hearing on April 24, 2006, within thirty days of service on Plaintiffs. On April 3, 2006, Defendants lodged a Joint Stipulation of the Parties Re: Continuance and Consolidation of Hearings on Defendants' Motion to Dismiss the Complaint and Scheduling Conference ("Joint Stipulation"). The Joint Stipulation stated, in essence, that for the convenience of the parties, the parties sought to continue the hearing on Defendants' Anti-SLAPP motion (and the Scheduling Conference) to May 8, 2006. Pursuant to the Joint Stipulation the hearing on Defendants' Anti-SLAPP motion was rescheduled to May 8, 2006, more than thirty days after Defendants served their Anti-SLAPP motion on Plaintiffs. Because Defendants' Anti-SLAPP motion is set for hearing more than thirty days after

---

[2] As a matter of law, Cal. Code Civ. P. § 425.16 is not applicable to federal claims. See Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F.Supp.2d 1127 (1999), 1129 -1130 (N.D.Cal.,1999) (relying on United States v. Lockheed Missiles and Space Co., Inc., 171 F.3d 1208 (9th Cir. 1999) in concluding that "the anti-SLAPP statute is not applicable to . . . federal claims").

service on Plaintiffs and because Defendants cannot demonstrate that the court docket required that their motion be heard more than thirty days after service, Defendants' Anti-SLAPP motion is **DENIED** for failure to comply with California Code of Civil Procedure § 425.16(f).

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.